**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-01883-RM-KLM

THOMAS A. DORN,

    Plaintiff,

v.

MEREDITH AVERY, and
LILLIAN AVERY,

    Defendants.

---

## ORDER
---

This matter is before the Court on "Plaintiff's Response to Order" (ECF No. 37) which was filed in this case and Plaintiff's other case, *Dorn v. Carpenter*, 20-cv-02103-RM-KLM. Because the Response seeks relief, and being mindful that Plaintiff proceeds pro se,[1] the Court construes the Response as a motion. So construed, the motion is DENIED.

Plaintiff's Response is not a model of clarity. There is no outstanding order, so it is unclear to what order Plaintiff is responding. Regardless, Plaintiff apparently seeks an injunction against Defendants, Judge Carpenter, and Jefferson County Court ("Jeffco") which would cover New York, New Jersey, and Colorado. But, Plaintiff fails discuss or show the requirements for injunctive relief are met, *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (setting forth requirements for typical preliminary-injunction and for disfavored injunctions), or that the Court may enjoin nonparties Judge Carpenter and Jeffco, *see*

---

[1] The Court construes Plaintiff's filings liberally because he proceeds pro se. Nonetheless, the Tenth Circuit has "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

*Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1354 (10th Cir. 1972) ("To enjoin an act, the court must have jurisdiction of the person so enjoined."). Accordingly, it is

**ORDERED** that Plaintiff's Response to Order, construed as a motion, is **DENIED**.

DATED this 17th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge