IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01883-RM-KLM

THOMAS A. DORN,

    Plaintiff,

v.

MEREDITH AVERY, and
LILLIAN AVERY,

    Defendants.

---

**ORDER DENYING MOTIONS**

---

    This matter is before the Court on the following two motions filed by Plaintiff: (1) Motion for Trial (ECF No. 48); and (2) Motion and Order of Contempt of Court (ECF No. 50). The Court finds no further briefing is required before ruling on these motions. *See* D.C.COLO.LCivR 7.1(d).

    In reviewing Plaintiff's motions, the Court is mindful that Plaintiff proceeds *pro se*; therefore, the Court construes Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)). Even after a liberal review, the Court finds no grounds to grant Plaintiff any relief.

    To start, Plaintiff fails to identify the legal basis for his motions. For example, as the

Court has already informed him (ECF No. 46), if Plaintiff wishes to go to trial, he must proceed to resolve pre-trial matters by, for example, obtaining a scheduling order from the Magistrate Judge.  Similarly, he identifies no legal support for his Motion and Order for Contempt of Court and the Court knows of no such legal authority under which he is entitled to the relief he seeks.  Concurrently, Plaintiff relies on conclusory allegations without any evidentiary support or legal authority. It is axiomatic that simply saying that something is so, even repeatedly, does not make it so. Accordingly, Plaintiff's motions seeking to immediately set a trial date and for a finding of contempt of court, are denied.

The Motion for Trial is denied without prejudice and the Plaintiff can set his case for trial after all pre-trial matters are resolved.  The Motion and Order for Contempt of Court is denied with prejudice.  The Court cautions Plaintiff that any requests for relief must be well grounded in fact and warranted by the law.  Any future motions which contain nothing more than conclusory requests may be summarily denied.  Accordingly, based on the foregoing, it is **ORDERED**

(1) That the Motion for Trial (ECF No. 48) is DENIED WITHOUT PREJUDICE; and

(2) That the Motion and Order of Contempt of Court (ECF No. 50) is DENIED.

DATED this 1st day of November, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge